IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN CEDILLO, TERRY HOUSTON, JUSTIN WRIGHT, CRAIG ARNO, ALONZO CLEAVES, JOHN GREENEMEIER, JOHN ROUSSEL, LEONARD HUGALL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSCOR AMERICA, LLC, and DOES 1 through 100,<br><br>Defendants. | No. C 13-01580 SI<br>Related Case No. C 08-00941<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE** |

Currently before the Court is defendant's motion to transfer venue to the Middle District of Tennessee. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing scheduled for August 30, 2013. For the reasons set forth below, the Court GRANTS defendants' motion to transfer venue.

**BACKGROUND**

On April 8, 2013, plaintiffs filed this putative class action against TransCor America, LLC ("TransCor") and Does 1-100. Plaintiffs are inmates and TransCor is a Tennessee corporation whose business entails the transportation of pretrial detainees and prisoners throughout the United States on behalf of federal, state and local governments. Compl. ¶ 1. Plaintiffs allege that TransCor "transported them sitting in vehicles, in full restraints including handcuffs, leg irons, waist chains, black boxes and connector chains" for more that 59, 67, or 95 continuous hours. *Id.* ¶ 2. Plaintiffs allege that TransCor's

use of excessive force and its official policies, practices, and customs amounted to cruel and unusual punishment and violated their rights under the Fourth, Eighth, and Fourteenth Amendments. *Id.* ¶ 3. The complaint also alleges a cause of action under the Bane Civil Rights Act, California Civil Code § 52.1. *Id.* ¶ 4.

There are eight named plaintiffs. Plaintiff Cedillo is a resident of Fresno, California, who was transported from Coalinga, California to Fresno through several counties in the Northern District of California. Compl. ¶¶ 9, 29. His trip took over 59 hours, his restraints caused several injuries, he was not allowed to lie down, and he was sprayed with Lysol disinfectant. *Id.* ¶¶ 29-30. Plaintiff Houston is a resident of Elroy, Arizona, who was transported from Redding, California to San Luis Obisbo, California, through several counties in the Northern District of California. *Id.* ¶ 10, 31. His trip lasted over 59 hours, his restraints caused his hands to become swollen, he was not allowed to lie down or stand up, and his guards refused to give him bathroom breaks when he needed them. *Id.* ¶¶ 31-32.

The six other plaintiffs are residents of Florida (Wright and Hugall), New Jersey (Arno and Greenemeier), Georgia (Cleaves), and Wisconsin (Roussel). *Id.* ¶ 11-16. It appears that none of these six plaintiffs were transported through California.

Plaintiffs filed this action on behalf of a class consisting of all "inmates transported by Defendant TransCor on or after February 14, 2006, who were forced to remain in a TransCor vehicle for more than 59 continuous hours." *Id.* ¶ 47. The class is divided into three subclasses: (1) inmates who were transported for 59 to 67 continuous hours, (2) inmates who were transported for 67 to 95 continuous hours, and (3) inmates who were transported for greater than 95 continuous hours. *Id.*

This case is related to a similar class action filed in this Court, *Schilling v. TransCor America, LLC*, C 08-00941-SI (N.D. Cal. filed Feb. 14, 2008). In *Schilling*, the class consisted of inmates who were transported by TransCor for greater than 24 hours. The Court found as a matter of law that the conditions of confinement challenged by plaintiffs – transportation of prisoners over a period of 24 hours or more – did not, on a class-wide basis and without more, constitute unconstitutional deprivations under the Eighth or Fourteenth Amendments. *Schilling*, Docket No. 205 at 15.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion for transfer, the moving party must establish: "(1) that venue is proper in the transferor district; (2) that the transferee district is one where the action might have been brought; and (3) that the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992).

Courts evaluate the following factors to determine which venue is more convenient to the parties and the witnesses: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001); *see also Jones v. GNC Franchising Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The Court has broad discretion to address these factors based on the particular facts of each case. *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).

## DISCUSSION

As an initial matter, the Court finds that venue is proper either in this district or in the Middle District of Tennessee. In an action where jurisdiction is founded on diversity of citizenship, venue is generally proper in a district where any defendant resides. 28 U.S.C. § 1391(b)(1). "[A] defendant that is a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Id.* § 1391(c). TransCor has conceded that venue is proper in the

3

Northern District of California as to the claims of Plaintiffs Cedillo and Houston, because of their transportation through the Norther District of California. *See* Reply in Supp. of Deft.'s Mot. at 4. No party disputes that venue is also proper in the Middle District of Tennessee, where TransCor is headquartered.

TransCor contends solely that the more convenient forum is in the Middle District of Tennessee, where it is headquartered, and where many witnesses and documents are located. Plaintiffs argue that the Court's decision in *Schilling*, which denied a motion to transfer venue, should be followed here. *See Schilling*, Docket No. 81 (filed Oct. 14, 2009). However, in that case the Court relied primarily on the unique procedural posture of the case, and the fact that defendants were also willing to litigate in the Eastern District of California:

> This case has been pending since February 2008, the parties have engaged in motion practice, and the Court has held three case management conferences. Under the current pretrial schedule, plaintiffs are scheduled to file a motion for class certification in December 2009, and the Court will hold a hearing on the motion in February 2010. According to plaintiffs' counsel, document discovery is virtually complete, and the parties have cooperated to schedule depositions at convenient times and places, including in Tennessee and Oklahoma. Thus, the only inconvenience to non-California witnesses will be if they are required to testify at trial. Given defendants' willingness to litigate in the Eastern District of California, any incremental inconvenience caused by traveling to the Northern District is marginal at best.

*Id.* at 6-7. Because the procedural posture in the new case is very different from the *Schilling* case and because TransCor is not willing to litigate in the Eastern District of California, the Court shall look anew at the factors it must balance to transfer to a more convenient forum.

**1.     Plaintiffs' Choice of Forum**

The parties dispute whether plaintiffs' choice of forum is entitled to any deference. "The general rule is that a plaintiff's choice of forum is afforded substantial weight." *Bowman*, 157 F. Supp. 2d at 1106. In class actions, however, a plaintiff's choice of forum is often accorded less weight. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) (stating that "[a]lthough great weight is generally accorded plaintiff's choice of forum, when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight") (internal citation omitted). Nonetheless, even in a class action,

> [i]n judging the weight to be accorded [plaintiff's] choice of forum, consideration must be given to the extent of both [plaintiff's] and the [defendant's] contacts with the forum,

4

including those relating to [plaintiff's] cause of action. If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration.

*Lou*, 834 F.2d at 739 (citations omitted). Where forum-shopping is evident, however, courts should disregard a plaintiff's choice of forum. *Italian Colors Rest. v. Am. Express Co.*, No. C-03-3719, 2003 WL 22682482, at *4 (N.D. Cal. Nov. 10, 2003).

Under this guidance, the Court accords plaintiffs' choice of forum some weight. Operative facts have occurred in this forum, such as the transportation of plaintiffs Cedillo and Houston by TransCor through this district. TransCor also has transportation contracts with numerous law enforcement agencies in this district, and plaintiffs estimate that pursuant to these contracts more than 100 putative class members were transported through this district. Furthermore, plaintiffs' claims arise in part under California law. Thus, this is not a case where "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter." *Lou*, 834 F.2d at 739.

Moreover, the Court does not find that plaintiffs have engaged in forum shopping, because this Court ruled against them and in favor of TransCor in *Schilling*. The facts indicate that plaintiffs chose a forum convenient to themselves and their counsel, as they did in the previous case. If they were actually forum shopping, they might well have chosen a different, more favorable forum.

**2.     Convenience of the Parties**

This factor substantially favors TransCor, which is headquartered in the Middle District of Tennessee. Plaintiffs are scattered across the country, and none reside in the Northern District of California. This district would only be convenient to plaintiff Cedillo, who resides in Fresno, California.

**3.     Convenience of the Witnesses**

"In balancing the convenience of witnesses, courts must consider not only the number of witnesses, but also the nature and quality of their testimony. The convenience of non-party witnesses is a more important factor than the convenience of party witnesses." *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009) (citations and quotations omitted). Non-party witnesses may not be subject to the Court's subpoena power, like party witnesses such as

employees, which is why courts give more weight to their convenience. *In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1080 (S.D. Cal. 2011).

TransCor identified ten key witness, and sixteen additional witnesses who may have relevant knowledge regarding this case. The majority of these witnesses live in or near Nashville, Tennessee. Nine of the ten key witnesses were deposed previously in *Schilling*, and the depositions were conducted at a location convenient to the witnesses. A majority of these witnesses are employees, and therefore they are party witnesses whose convenience is accorded little weight. However, three of the key witnesses are former employees, and therefore as non-party witnesses their convenience is given much greater weight. Additionally, TransCor asserts that 80% of the potential trial witnesses it has been able to identify are former employees, including 53 out of 58 eyewitnesses to the transportation of the named plaintiffs, although it has not named all of these witnesses. *See Williams*, 157 F. Supp. 2d at 1108. It does not matter, as plaintiffs argue, that they have already been deposed and their depositions may be conducted in Tennessee. They are not subject to the Court's subpoena power for trial testimony, and a trial will be a great inconvenience upon these non-party witnesses.

Thus, this factor significantly favors TransCor.

**4.     Ease of Access to the Evidence**

This factor is neutral. Many of the relevant documents were already produced in the *Schilling* case, and thus a copy resides in this district. Additional discovery may exist in Nashville. However, in *Schilling* discovery was electronic or digital. If defendant cannot show "'with particularity the location, difficulty of transportation, and the importance'" of record or documents, then "the factor is neutral." *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1133 (C.D. Cal. 2009) (quoting *Bohara v. Backus Hosp. Med. Benefit Plan*, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005)). Here, TransCor has made no such showing.

**5.     Familiarity of Each Forum with the Applicable Law**

This factor weighs slightly in favor of plaintiffs. The crux of their argument centers on violations of constitutional law, and especially the Eighth Amendment. Each venue is equally adept

at interpreting federal law. However, plaintiffs Cedillo and Houston also bring claims under California law, the Bane Civil Rights Act, California Civil Code § 52.1. Thus, this forum is more familiar with the claims brought under California law.

**6.     Feasibility of Consolidation with Other Claims**

TransCor argues that this factor favors them, because other similar cases are being brought or transferred to the Middle District of Tennessee, and they could all be consolidated there. TransCor cites to multiple prisoner cases that have been transferred to the Middle District of Tennessee: *Herman v. TransCor*, No. C 13-716 PJH, 2013 WL 1899738 (N.D. Cal. May 7, 2013) (M.D. Tenn. Case No. 13-cv-00435 has closed); *Myers v. TransCor America, LLC*, No. 1:07-CV-120, 2008 WL 570947 (D. Vt. Feb. 28, 2008) (M.D. Tenn. Case No. 08-cv-00295 has closed); *Tucker v. Transcor America, LLC*, No. 1:07-CV-271, 2008 WL 4559832 (D. Vt. Oct.8, 2008) (M.D. Tenn. Case No. 08-cv-01035 has closed); and *Hayes v. Transcor America, LLC*, Civ. No. 08-293, 2009 WL 1795309 (E.D. Pa., June 23, 2009) (order to transfer stayed, case closed). All of these cases have been closed.

Plaintiffs argue that this factor favors them, because this case has already been related to another case in this district, *Schilling*. This Court presided over *Schilling* for four years, issued detailed written orders regarding the merits of the case and class certification issues, and is familiar with the facts of the case. However, like the cases in the Middle District of Tennessee, *Schilling* is closed.

Thus, this factor affects both plaintiffs and defendant, and is essentially neutral.

**7.     Any Local Interest in the Controversy**

This factor favors defendants.

None of the plaintiffs resides in the Northern District of California. The only local interest in this controversy is based on plaintiffs' estimate that at least 100 putative class members were transported through this district.

By contrast, defendant's business is headquartered in the Middle District of Tennessee, which has a strong interest in ensuring that its local corporations abide by federal constitutional law. Moreover, the Middle District of Tennessee would be the enforcement location of any injunctive relief.

7

**8. The Relative Court Congestion and Time of Trial**

TransCor points out that the Middle District of Tennessee appears to has a less-crowded docket than this district, with a median length of time from filing to trial of 23.6 months compared to 27.7 months for the Northern District of California. However, this difference is slight. Plaintiffs argue that the expertise of this Court in this matter from the related *Schilling* case will create a more streamlined litigation process. Thus, this factor is neutral.

Most of the factors are neutral or do not weigh strongly in favor of either party. Only two factors slightly favor plaintiffs: plaintiffs' choice of forum, and the applicable law. Three factors favor TransCor: the convenience of the parties, the convenience of the witnesses, and a local interest in the controversy. After careful consideration, the Court finds that in this case the strongest interests are the local interests and the convenience of TransCor and the non-party witnesses. "[T]he convenience of non-party witnesses is often the most important factor in a transfer analysis." *Burke v. USF Reddaway, Inc.*, 2:12-CV-02641-KJM, 2013 WL 85428, at *5 (E.D. Cal. Jan. 8, 2013) (citation omitted); *see also Denver & Rio Grande Western Ry. Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 560 (1967) ("[V]enue is primarily a matter of convenience of litigants and witnesses.").

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to transfer venue, and TRANSFERS this action to the Middle District of Tennessee. This resolves Docket No. 15.

**IT IS SO ORDERED.**

Dated: August 27, 2013

SUSAN ILLSTON
United States District Judge